[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11627

Non-Argument Calendar

_____

TIFFANY HARRIS,

Plaintiff-Appellant,

*versus*

DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

2                    Opinion of the Court                    23-11627

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00828-CLM

_____

Before JORDAN, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. To the extent Tiffany Harris seeks to have her case transferred from the district court to this Court, that request is improper. Our jurisdiction is generally limited to final decisions of the district courts, and the district court has not entered a final order resolving the litigation on the merits in this case. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends litigation on the merits and leaves nothing for the court to do but execute its judgment). We also lack jurisdiction to the extent Harris seeks appellate review of the district court's text order denying her motion to transfer venue. That order is not final because it did not end the litigation on the merits, and it is not immediately appealable under the collateral order doctrine because it is not effectively unreviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order

23-11627              Opinion of the Court                      3

doctrine if, *inter alia*, it is "effectively unreviewable on appeal from a final judgment").

All pending motions are DENIED as MOOT. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.